Kent F. Larsen, Esq.
Nevada Bar No. 3463
Katie M. Weber, Esq.
Nevada Bar No. 11736
SMITH LARSEN & WIXOM
1935 Village Center Circle
Las Vegas, Nevada 89134
Tel: (702) 252-5002
Fax: (702) 252-5006
Email: kfl@slwlaw.com
       kw@slwlaw.com
Attorneys for Defendant
RBS Computer, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SALEH ELGHASEN, | CASE NO. 2:14-cv-01539-JAD-GWF (Lead Case) |
| Plaintiff, | |
| v. | (Consolidated with 2:14-cv-01538: Member Case) |
| RBS COMPUTER, INC., d/b/a ROYAL MANAGEMENT CORPORATION; and EXPERIAN INFORMATION SOLUTIONS, INC., | **MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION** |
| Defendants. | |

Defendant RBS Computer, Inc. ("RBS"), by and through its undersigned counsel, respectfully moves this honorable Court to dismiss (the "Motion to Dismiss") the First Amended Complaint for Damages Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (herein, the "Amended Complaint") of Plaintiff Saleh Elghasen ("Plaintiff"), pursuant to Fed. R. Civ. P. 12(b)(2), for lack of personal jurisdiction.

. . .

. . .

The Motion to Dismiss is supported by the following Memorandum of Points and Authorities, the exhibits attached hereto, the record herein, and any argument that may be presented at any hearing hereon.

DATED this 13th day of January, 2015.

SMITH LARSEN & WIXOM

Kent F. Larsen, Esq.
Nevada Bar No. 3463
Katie M. Weber, Esq.
Nevada Bar No. 11736
1935 Village Center Circle
Las Vegas, Nevada 89134
Attorneys for Defendant
RBS Computer, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's Amended Complaint must be dismissed as against RBS because Plaintiff cannot produce any competent evidence establishing personal jurisdiction over RBS in Nevada. RBS has had no specific contacts with Nevada sufficient to confer jurisdiction over it. In this regard:

(a) RBS is a Texas corporation with only one office, which is located in the State of Texas;

(b) RBS does not conduct business in Nevada, and has no offices in Nevada;

(c) RBS does not direct any communications, written or oral, to the State of Nevada;

(d) RBS has never directed any employee or agent to conduct any activity in Nevada whatsoever;

(e) RBS does not own any property in the State of Nevada; and

(f) RBS has never had a bank account in the State of Nevada.

(*See* the Declaration of Rebecca I. Hudson, attached hereto as Exhibit A.)

RBS' "contacts" with Nevada are legally insufficient under the prevailing law relative to this Court to sustain personal jurisdiction over it, and, accordingly, it should be dismissed from these proceedings.

## II. PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION OVER RBS

### A. Standard of Review

Where, as here, no federal statute governing personal jurisdiction is applicable, federal courts apply the law of the state in which the district court sits. *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1484 (9th Cir. 1993). In Nevada, personal jurisdiction is governed

by NRS 14.065, which provides that "[a] court of this state may exercise jurisdiction over a party to a civil action on any basis not inconsistent with the Constitution of this state or the Constitution of the United States." The statute follows constitutional guidelines, and jurisdiction is properly challenged by way of a motion to dismiss. *See, e.g., Hansen v. District Court*, 116 Nev. 650, 656, 6 P.3d 982, 986 (2000).

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the **_plaintiff bears the burden_** of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (emphasis added). A plaintiff cannot simply rest on the bare allegations of the complaint to meet this standard. *Id.*

"For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Id.* at 801 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). This "minimum contacts" test must be established by showing that either "general" or "specific" contacts exist between the defendant and the forum state such that the forum state may exercise personal jurisdiction over it. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). As set forth below, neither general nor specific jurisdiction exists over RBS in Nevada.

<u>(1) No General Jurisdiction Exists Over RBS</u>

General jurisdiction, under which a defendant is held to answer in a forum for causes of action unrelated to the defendant's forum activities, is available <u>only</u> where that "defendant's activities in the forum are substantial, continuous and systematic." *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001).

4

Here, there are no "substantial" or "continuous and systematic" contacts of RBS sufficient to support a finding of general jurisdiction. Specifically, RBS does not conduct business in Nevada, has no offices in Nevada, does not direct any communications to the State of Nevada,[1] does not own (and has never owned) property in Nevada, has never had a bank account in the State of Nevada, and has never directed any employee or agent to conduct any activity in Nevada whatsoever. (*See* Exhibit A, at ¶¶ 6, 8-10.) Accordingly, no general jurisdiction exists over RBS in this forum.

### (2) No Specific Jurisdiction Exists Over RBS

In the Ninth Circuit, a three-part test is applied to determine whether subjecting a defendant to specific jurisdiction is appropriate. *Boschetto*, 539 F.3d at 1016. First, the defendant "must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *Id.* Second, the claim asserted by the plaintiff "must be one which arises out of or relates to the defendant's forum-related activities." *Id.* To the extent the plaintiff does not bear its burden to establish both of these prongs, "the jurisdictional inquiry ends and the case **must** be dismissed." *Id.* (emphasis added). The third prong, which requires that "the exercise of jurisdiction ... comport with fair play and substantial justice, i.e., it must be reasonable," is therefore applicable only where the plaintiff has established the first two prongs. *Id.*

Here, with respect to the first prong, Plaintiff cannot establish that RBS has purposefully

---

[1] While Plaintiff alleges that a proof of claim was filed in his bankruptcy which requested that all notices be sent to RBS' address in San Antonio, Texas (*see* Amended Complaint, at ¶ 20), it is clear that the referenced proof of claim was filed by or on behalf of Family Finance, not RBS. (*See* the Declaration of Katie M. Weber, attached hereto as Exhibit B, at ¶ 5 and Exhibit B-3.)

directed any activities at the State of Nevada. As mentioned, RBS does not conduct business in Nevada, has no offices in Nevada, does not direct any communications to the State of Nevada, does not own (and has never owned) property in Nevada, has never had a bank account in the State of Nevada, and has never directed any employee or agent to conduct any activity in Nevada whatsoever. (See Exhibit A, at ¶¶ 6, 8-10.) While Plaintiff has alleged that RBS "purchased, acquired, or otherwise obtained" his personal loan (see Amended Complaint, at ¶ 19), RBS specifically denies this allegation. To the contrary, RBS does not own any loans, but merely provides accounting and bookkeeping services for various businesses/entities. (See Exhibit A, at ¶ 7.) The remainder of Plaintiff's allegations relate to information purportedly furnished to a credit reporting agency, Experian, a company which, upon information and belief, has no Nevada offices. (See generally Amended Complaint; see also Exhibit B, at ¶¶ 3-4 and Exhibits B-1 and B-2.) In short, RBS has not engaged in any activities within, or directed to, the State of Nevada, and has therefore not "purposefully availed" itself of the privilege of conducting any activities there.

With respect to the second prong, Plaintiff's sole claim for relief asserted herein is for violation of the Fair Credit Reporting Act ("FCRA"). (See generally Amended Complaint.) At best, Plaintiff alleges that RBS provided certain inaccurate information to Experian, received notification from Experian of Plaintiff's dispute regarding the information, and failed to remove the inaccurate information and/or added additional derogatory information to Plaintiff's credit report. (See id. at ¶¶ 24, 27, 31-32, 36.) None of these allegations are alleged to have occurred in Nevada, or to have been directed to Nevada. As noted above, to the extent RBS directed any communications to Experian, such communications would not have been directed to Nevada because Experian has no offices in Nevada. (See Exhibit B, at ¶¶ 3-4 and Exhibits B-1 and B-2.)

Any information or communications received by RBS from Experian or Plaintiff would have occurred in its sole office in Texas. (*See* Exhibit A, at ¶ 5.) Thus, the FCRA claim cannot be said to arise out of or relate to any Nevada-related activities of RBS.

Because Plaintiff cannot establish either of these prongs, the exercise of specific jurisdiction over RBS would be inappropriate here, and the Amended Complaint must be dismissed. *See Boschetto*, 539 F.3d at 1016. Nevertheless, to the extent the Court is inclined to consider the third prong of the test, there is no doubt that requiring RBS to defend this action in Nevada would be a great burden to RBS. Forcing this Texas corporation to defend the action in a forum outside of its domicile – particularly given the non-existence of any actions of RBS within or directed to Nevada – would be inherently unreasonable, in that it would be both expensive and inconvenient. (*See* Exhibit A, at ¶ 11.) Accordingly, exercising specific jurisdiction here would not "comport with fair play and substantial justice," and the Amended Complaint must therefore be dismissed for lack of personal jurisdiction over RBS.

### III. CONCLUSION

For all of the foregoing reasons, RBS respectfully submits that this Court has no personal jurisdiction over it, and, therefore its Motion to Dismiss must be granted.

DATED this 13th day of January, 2015.

SMITH LARSEN & WIXOM

_____
Kent F. Larsen, Esq.
Nevada Bar No. 3463
Katie M. Weber, Esq.
Nevada Bar No. 11736
1935 Village Center Circle
Las Vegas, Nevada 89134
Attorneys for Defendant
RBS Computer, Inc.

7

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of January, 2015, a true copy of the foregoing **Motion to Dismiss First Amended Complaint for Lack of Personal Jurisdiction** was served electronically via the Court's CM/ECF system to the following:

Danny J. Horen, Esq.
Kazerouni Law Group, APC
7854 W. Sahara Ave.
Las Vegas, NV 89117
danny@kazlg.com
and
David H. Krieger, Esq.
Haines & Krieger, LLC
8985 S. Eastern Ave., Ste. 130
Henderson, NV 89123
dkrieger@hainesandkrieger.com
Attorneys for Plaintiff

Alyssa M. Staudinger, Esq.
Jones Day
3161 Michelson Drive, Suite 800
Irvine, CA 92612-4408
astaudinger@jonesday.com
Attorneys for Defendant Experian Information Solutions, Inc.

/s/ Elise Fossum
an employee of Smith Larsen & Wixom