Danny J. Horen, Esq.
NV Bar No. 13153
Kazerouni Law Group, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117
Telephone: (800) 400-6808x7
Facsimile: (800) 520-5523
danny@kazlg.com

David H. Krieger, Esq.
NV Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 130
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
dkrieger@hainesandkrieger.com

*Attorneys for Plaintiff,*
Saleh Elghasen

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| SALEH ELGHASEN,<br><br>Plaintiff,<br><br>v.<br><br>RBS COMPUTER, INC., d/b/a ROYAL MANAGEMENT CORPORATION; and EXPERIAN INFORMATION SOLUTIONS, INC.,,<br><br>Defendant. | **Case No.:** 2:14-cv-01539-JAD-GWF<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT RBS COMPUTER INC.'S MOTION TO DISMISS** |

# I. INTRODUCTION

This case arises out of Defendant RBS Computer Inc.'s ("Defendant") failure to properly investigate and report Plaintiff's credit information to Experian, a national credit reporting agency. Plaintiff is a resident of Nevada. Complaint ¶¶ 11, 13. Defendant conducts business in Nevada.[1] Complaint ¶ 14. Defendant is also a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to consumer reporting agencies. Complaint ¶ 12.

Plaintiff received a Bankruptcy discharge that included the obligations allegedly owed to Defendant on or about April 18, 2014. In August 2014, Plaintiff checked his Experian Credit report. Plaintiff's August 5, 2015 Experian credit report contained numerous entries with erroneous derogatory credit information[2], which led to Plaintiff sending a dispute letter to Experian on or about August 28, 2014. Complaint ¶¶ 28-30; *see also* Exhibit D. Experian's September 9, 2014 reinvestigation letter showed that, not only did Defendant fail to remove the derogatory information, but Plaintiff's credit report now contained new post-bankruptcy derogatory information, which caused further credit damage to Plaintiff. Complaint ¶ 32; *see also* Exhibit C. This lawsuit resulted. Plaintiff has settled the matter with Experian, leaving RBS Computers, Inc. as the sole

---

[1] *See* Exhibit A, Proof of Claim filed in Plaintiff's Bankruptcy case, directing notices and information to Defendant's address; *see also* Exhibits E-G, locations of Nevada entities Defendant is partners with.
[2] *See* Exhibit B.

defendant.

Defendant's Motion to Dismiss (Defendant's "Motion") argues that this Court has no general or specific jurisdiction over the matter. Defendant points to Experian's and its own office locations as the basis for lack of jurisdiction. As will be explained in this Opposition, jurisdiction is appropriate because the Defendant meets the minimum contacts required for this Court to exercise jurisdiction, as Plaintiff is a resident of Nevada, and Defendant's conduct giving rise to this action was purposefully directed to Nevada. Defendant also conducts business with at least three Nevada entities, all of which appear on Plaintiff's credit report at one point or another.

Because this Court exercising jurisdiction is appropriate, Defendant's Motion to Dismiss must be denied.

## II.   LEGAL STANDARD FOR MOTION TO DISMISS

As general rule, motion to dismiss for lack of personal jurisdiction should be denied if complaint alleges sufficient facts to support reasonable inference that defendant could be subjected to jurisdiction of court. *Cable News Network, Inc. v. Video Monitoring Services of America, Inc.*, N.D.Ga.1989, 723 F.Supp. 765. On motion to dismiss for lack of personal jurisdiction, all pleadings and affidavits must be construed in light most favorable to plaintiff, and all doubts must be resolved in plaintiff's favor. *5-Star Management, Inc. v. Rogers*, E.D.N.Y.1996, 940 F.Supp. 512.

3

Plaintiff may meet its burden by showing the existence of either general or specific jurisdiction. *Oakley, Inc. v. Jofa AB*, C.D.Cal.2003, 287 F.Supp.2d 1111, 69 U.S.P.Q.2d 1249. Where no discovery has taken place, the plaintiffs, on a motion to dismiss for lack of personal jurisdiction, need make only a prima facie showing of jurisdiction by pleading in good faith, legally sufficient allegations of jurisdiction. *Prime Mover Capital Partners L.P. v. Elixir Gaming Technologies, Inc.*, S.D.N.Y.2011, 761 F.Supp.2d 103. Under rules of procedure that have been well settled…a judge ruling on a defendant's motion to dismiss a complaint "must accept as true all of the factual allegations contained in the complaint." *Bell Atlantic Corp. v. Twombly*, (2007) 550 U.S. 544, 572 [127 S.Ct. 1955, 1975, 167 L.Ed.2d 929], citing *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *see also Overstreet v. North Shore Corp.,* 318 U.S. 125, 127, 63 S.Ct. 494, 87 L.Ed. 656 (1943). In deciding motion to dismiss for lack of personal jurisdiction under prima facie standard, court does not decide questions of fact. *American Home Assur. Co. v. Sport Maska, Inc.*, D.Mass.1992, 808 F.Supp. 67. Prior to a full evidentiary hearing, plaintiff's prima facie showing of personal jurisdiction over defendant may be established solely by allegations, which are accepted as true. *Hale Propeller, L.L.C. v. Ryan Marine Prod. Pty., Ltd.*, D.Conn.2000, 98 F.Supp.2d 260.

### III. <u>JURISDICTION OVER DEFENDANT IS APPROPRIATE</u>

Defendant's Motion argues that this Court has neither general nor specific

jurisdiction over Defendant. Personal jurisdiction over nonresident defendants may be predicated on the fact that the cause of action arose out of a defendant's forum related activities, subjecting him to a court's "limited" or "specific" jurisdiction. *Roth v. Garcia Marquez,* 942 F.2d 617, 620 (9th Cir.1991); *Sinatra v. National Enquirer, Inc.,* 854 F.2d 1191, 1194–95 (9th Cir.1988). A district court can assert limited jurisdiction over a nonresident defendant if the following three conditions are satisfied: (1) the nonresident defendant performs some act purposefully availing himself of the privilege of conducting activities in the forum; (2) the claim arises out of the defendant's forum related activities; and (3) the exercise of jurisdiction is reasonable. *Sinatra,* 854 F.2d at 1194 (citing *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 839 (9th Cir.1986)). Each of these tests must be satisfied. *Peterson v. Kennedy,* 771 F.2d 1244, 1261 (9th Cir.1985), *cert. denied,* 475 U.S. 1122, 106 S.Ct. 1642, 90 L.Ed.2d 187 (1986).

At this early stage of the proceedings, Plaintiff need only to make a prima facie showing of personal jurisdiction, and, as no evidentiary hearing on this issue has been held, this Court should treat Plaintiff's allegations as true. *See Sher v. Johnson,* 911 F.2d 1357, 1361 (9th Cir.1990). Plaintiff may meet its jurisdictional burden by showing the existence of either general *or* specific jurisdiction. *See Oakley, Inc. v. Jofa AB*, C.D.Cal.2003, 287 F.Supp.2d 1111, 69 U.S.P.Q.2d 1249. Even assuming that Defendant's general jurisdiction argument is true, it is clear that this Court has specific jurisdiction over Defendant for the instant matter.

### A. Defendant knew or reasonably should have known Plaintiff resides in Nevada

In *Rivera v. Bank One,* 145 F.R.D. 614 (D.P.R. 1993), the court considered Bank One's challenge to personal jurisdiction where Bank One alleged that it was an Ohio bank and that it did no business in Puerto Rico. In *Rivera*, Bank One refused to correct false credit reporting information, which it reported to the national credit reporting agencies, which in turn, as authorized agents, re-reported the information in the form of credit reports about plaintiff. Plaintiff was obviously damaged in Puerto Rico. Plaintiff was a Puerto Rico resident. The *Rivera* Court found that tortious acts committed outside the jurisdiction where the defendant knew that the effects of his actions ""were going to be felt specifically'' in Puerto Rico satisfied the long-arm statute and due process requirements. *Id.* at 620. All American jurisdictions provide for long arm jurisdiction where a defendant commits a tortious act outside the jurisdiction but where he/she/it knows or reasonably should know that the tortious act or omission will cause injury within the forum state. Such a basis has been repeatedly found to comport with due process requirements.

Plaintiff's August 28, 2014 dispute letter to Experian specified two entries bearing Defendant's name[3] and address in Texas. Any communication not sent to Experian, but Defendant, would be sent to Defendant at that address. Notably, those credit report accounts also included Nevada entities (Family Finance;

---

[3] RBS Computers, Inc. has a d/b/a of Royal Management.

6

Golden Loan; and Gentry Finance Corp. of Nevada). *See* Exhibits E-G. Perhaps unbeknownst to Defendant, Gentry Finance Corp. of Nevada and Defendant have the same President and/or Director – A P Gentry. *See* Exhibits G and H. More importantly, Plaintiff's dispute letter included Plaintiff's Nevada address, putting Defendant on notice that Plaintiff resides in Nevada, and Defendant's credit reporting would be directed toward Plaintiff in Nevada. Finally, the Defendant availed itself to this jurisdiction by previously filing a proof of claim in Plaintiff's Chapter 13 Bankruptcy matter in the United States Bankruptcy Court, District of Nevada. *See* Exhibit A. The proof of claim filed in the Nevada Bankruptcy Court directed all notices and information be sent to Defendant at the same address listed on Plaintiff's credit report (Ex. B), dispute letter (Ex. D), and Experian's reinvestigation letter (Ex. C). Indeed, it is impossible for Defendant to argue that it was unaware that any credit reporting, or its effect, would be felt by Plaintiff in Nevada.

### B. Defendant availed itself to Nevada, as Defendant purposefully directed conduct toward Nevada, and that conduct gave rise to Plaintiff's claim

A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2). Nevada may exercise specific jurisdiction over a nonresident defendant if the defendant "purposefully avails" himself or herself of the protections of Nevada's laws, ***or purposefully directs her conduct towards Nevada, and the plaintiff's***

7

***claim actually arises from that purposeful conduct***. *Dogra v. Liles*, (2013) 129 Nev. Adv. Op. 100 [314 P.3d 952, 955] (citing *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) (emphasis added). *See Verizon Online Servs. v. Ralsky,* 203 F.Supp.2d 601, 2002 U.S. Dist. LEXIS 10224 (E.D. Va. 2002) (The court found that defendant's directed unsolicited bulk e-mail advertising to a Virginia Internet service provider caused torts within Virginia and that defendant had subjected itself to long-arm jurisdiction within the contours of the due process clause of the Constitution).

In *Liu v. DeFelice,* 6 F.Supp.2d 106 (D. Mass. 1998), the court likewise faced a challenge to personal jurisdiction by a defendant who allegedly accessed and received a copy of plaintiff's credit report from a credit reporting agency without a permissible purpose under section 1681b of the FCRA. The plaintiff never authorized the inquiry and filed an action under the Fair Credit Reporting Act and Massachusetts law. The court held that modern business practices justify the *situs* of injury to have been within the state even though the defendant caused the injury without physically entering the state. The court held that it was reasonable to have concluded that the defendant knew its actions would have specific impact in Massachusetts and in relation to a Massachusetts resident. The court held that the defendant's actions subjected it to personal jurisdiction under the Massachusetts long arm statute and that personal jurisdiction also comported with due process requirement. The court denied the motion to dismiss.

In a case identical to *Liu,* the Arizona courts in *Bils v. Nixon, Hargrave, Devans & Doyle,* 179 Ariz. 523, 880 P.2d 743 (Ariz. App. Div. 2 1994), exercised jurisdiction over a New York law firm defendant who accessed the credit report of a client's ex-husband. The ex-husband, turned plaintiff, resided in Arizona. The court found that the allegations supported a finding that the credit report access invaded the privacy of an Arizona resident and violated the FCRA. The court stated that the defendants' "contacts were sufficient to confer personal jurisdiction'' because their alleged conduct "was intentionally directed at an Arizona resident and was calculated to cause injury to him here..." *Id.* at 526.

Here, Plaintiff's Complaint clearly set forth allegations sufficient to establish specific personal jurisdiction over Defendant. Defendant purposefully directed its conduct toward Nevada when Defendant conducted business with a Nevada entity (Family Finance, Golden Loan, and Gentry Finance), and that business included filing a proof of claim in Nevada Bankruptcy Court. Like in *Liu* and *Bils*, Defendant reported credit information regarding Plaintiff, a Nevada resident, that is the basis for this lawsuit, making it reasonable to conclude that Defendant should have known the effect of the reporting would be felt in Nevada.

Based upon the foregoing, the Court clearly has grounds for specific jurisdiction over the Defendant. Defendant reported false and negative credit information to Experian for multiple accounts. Even after Plaintiff disputed the inaccurate information through a letter, which clearly indicated Plaintiff's Nevada

address, Defendant continued to verify the negative report about Plaintiff. Therefore, Defendant's purposeful activity directed at Plaintiff, a Nevada resident, which gives rise to the instant case, meets the requirements for the exercise of personal jurisdiction over Defendant.

### C. Exercise of Jurisdiction over Defendant is reasonable

Defendant could defeat personal jurisdiction if Defendant could make a compelling case that the exercise of personal jurisdiction would be unreasonable. *See Trump v. Eighth Judicial Dist. Court of State of Nev. In and For County of Clark*, (1993) 109 Nev. 687, 703 [857 P.2d 740, 750]. Plaintiff reiterates that in determining whether personal jurisdiction can be exercised over a nonresident defendant, a court must accept allegations of the complaint as true and must afford plaintiff every favorable inference which can be drawn from the pleadings, affidavits and exhibits. *In re Arthur Treacher's Franchisee Litigation*, E.D.Pa.1981, 92 F.R.D. 398.

In *Myers v. Bennett Law Offices,* 238 F.3d 1068 (9th Cir. 2001), the court found personal jurisdiction in Nevada over the objecting defendant. There, the defendant violated the FCRA by requesting a credit report on plaintiffs' corporation and on plaintiffs individually. The plaintiffs filed suit claiming that such a search was for an improper purpose and violated the FCRA, section 1681b(f). Based on its status as a Utah resident and its alleged lack of contacts with Nevada, defendant moved to dismiss each of these actions for lack of

personal jurisdiction and improper venue. The Ninth Circuit found that defendant had minimum contacts with the forum state so as to satisfy specific jurisdiction since Nevada was the focal point both of the credit report inquiry and of the harm suffered and defendant failed to present a compelling case that the presence of some other considerations rendered jurisdiction unreasonable. Therefore, a substantial part of the events giving rise to the claim occurred in Nevada. Like the defendant in *Myers*, Defendant argues this Court lacks jurisdiction because Experian's offices and Defendant's offices are located outside of Nevada. Also like in *Myers*, such an argument is not compelling enough to render jurisdiction unreasonable

The court in *Trump*, had this to say about an argument against jurisdiction because other actions were pending against the defendant in New Jersey.

> Nevada has an interest in providing an effective means of judicial redress for its residents. Where possible, a Nevada resident should be able to obtain judicial redress in the most convenient, cost-effective manner, which in this case would be within Nevada. The four "reasonableness factors" set forth in *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980), do not militate against the exercise of personal jurisdiction over Trump in the instant case.

*Trump v. Eighth Judicial Dist. Court of State of Nev. In and For County of Clark*, (1993) 109 Nev. 687, 703 [857 P.2d 740, 750].

Like in *Trump*, where the defendant argued New Jersey was a better forum since cases against Trump already existed in New Jersey, Defendant appears to be arguing that because Defendant is located in Texas, jurisdiction in Nevada is

unreasonable, and it would be more reasonable to force Plaintiff to travel to Texas, and every state of any creditor on Plaintiff's credit report for that matter, to assert these types of claims. Defendant is asking this Court to refuse to exercise jurisdiction over Defendant, essentially robbing Plaintiff of the protections of the state (convenient, cost-effective redress), which Nevada has a high interest in providing.

Just as in *Trump* and *Myers*, Defendant's argument is not enough to overcome the exercise of jurisdiction where Defendant directed its conduct toward Nevada, and that conduct gave rise to the instant action. Therefore, Defendant's Motion must be denied.

## IV.   CONCLUSION

Plaintiff's Complaint clearly lays out the reasons for exercising jurisdiction over Defendant in this matter. Further, exercising jurisdiction over Defendant would allow Plaintiff a cost-effective, convenient method of redress. Because Defendant's conduct was directed toward Nevada and a Nevada resident, and that conduct gave rise to this action, Plaintiff respectfully requests Defendant's Motion to Dismiss be denied.

Dated: March 13, 2015                                **Respectfully submitted,**

                                                       BY: /s/ DANNY J. HOREN
                                                           DANNY J. HOREN, ESQ.
                                                           KAZEROUNI LAW GROUP, APC
                                                           ATTORNEYS FOR PLAINTIFF

# PROOF OF SERVICE

Pursuant to LR 5-1, I hereby certify that on the 13th day of March 2015, service of the foregoing ***PLAINTIFF'S OPPOSITION TO DEFENDANT RBS COMPUTER, INC.'S MOTION TO DISMISS*** was served via ECF to Defendant's counsel, addressed as follows:

| Counsel of Record | Phone/Fax | Party |
|---|---|---|
| Kent Larsen<br><br>SMITH LARSEN & WIXOM<br>1935 Village Center Circle<br>Las Vegas, NV 89134 | kfl@slwlaw.com<br><br>f: 702.252.5006 | Defendant (RBS) |

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is a true and correct statement and that this Certificate was executed on the aforementioned date above.

BY: _/S/ DANNY HOREN__
DANNY J. HOREN, ESQ.
NV Bar No. 13153
KAZEROUNI LAW GROUP, APC